# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## JETT L. WRIGHT v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Rutherford County**
**Nos. F-47083 & F-47349    Don R. Ash, Judge**

_____

### No. M2005-02284-CCA-R3-CD- Filed February 1, 2006

_____

The Petitioner, Jett L. Wright, appeals from the trial court's dismissal of his petition for post-conviction relief. The trial court found the petition to be untimely filed. The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. We find the State's motion has merit. Accordingly, the motion is granted and the appeal is affirmed pursuant to Rule 20, Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES, and JERRY L. SMITH, JJ, joined.

Jett L. Wright, pro se, Nashville, Tennessee.

Paul G. Summers, Attorney General and Reporter; Brian Clay Johnson, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

According to the record, on June 17, 1999, the Petitioner pled guilty to attempted rape and failure to appear in the Circuit Court for Rutherford County. The trial court sentenced the Petitioner to ten years for the attempted rape conviction and four years for the failure to appear conviction, and it ordered that these sentences run consecutively for an effective sentence of fourteen years. On July 15, 2005, the Petitioner filed a pro se petition for post-conviction relief, which the post-conviction court dismissed after finding that the petition was untimely.

Tennessee Code Annotated section 40-30-102(a) (2003) provides that a petition for post-conviction relief must be filed within one year from final judgment. The Petitioner filed his petition beyond that time allowed by the statute, and none of the exceptions to this time limit apply in this

case.  See Tenn. Code Ann. § 40-30-102(b).  Under the Post-Conviction Procedure Act, exceptions to the statute of limitations are set forth.  These exceptions include: (1) claims based upon a new rule of constitutional law applicable to a petitioner's case; (2) claims based upon new scientific evidence showing innocence; and (3) claims based upon sentences that were enhanced because of a previous conviction and the previous conviction was subsequently found to be illegal.  See Tenn. Code Ann. § 40-30-102(b)(1)-(3) (2003).  With regard to claims based upon a new rule of constitutional law, our post-conviction statute provides:

> No court shall have jurisdiction to consider a petition filed after [the one-year limitations period] unless:
>
> (1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required.  Such petition must be filed within one (1) year of the ruling of the highest appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial.

Tenn. Code Ann. § 40-35-102(b)(1).

In the case under submission, the Petitioner contends that the United States Supreme Court holding in Blakely v. Washington, 542 U.S. 296 (2004), should be considered pursuant to this subpart because his sentences were unconstitutionally enhanced.  The Petitioner's reliance on Blakely is misplaced.  In State v. Gomez, 163 S.W.3d 632, 651-51 (Tenn. 2005), the Tennessee Supreme Court held that Blakely did not establish a new rule of law.  The Court thus noted that the filing of a motion to reopen based on Blakely "would be a futile endeavor."  Id. at 651 n.16; see also Thomas Eugene Graham, No. E2004-02958-CCA-R3-PC, 2005 WL 1269188 at *1 (Tenn. Crim. App., at Knoxville, May 26, 2005), *no perm. app. filed*.

Accordingly, the State's motion is hereby granted.  The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ROBERT W. WEDEMEYER, JUDGE